# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Joyce Barbee Baldwin,** | ) | 10-81646 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER SUSTAINING OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED PLAN

THIS MATTER came before the Court on April 26, 2011, after due and proper notice, for a hearing on the Objection by Beneficial Mortgage Company of North Carolina ("Beneficial") to Confirmation of the Debtor's Plan. Edward C. Boltz appeared on behalf of the Debtor and Christine M. Lamb appeared on behalf of Beneficial. Having considered the proposed plan and the arguments of counsel, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

### BACKGROUND FACTS

On April 14, 2000, the Debtor executed a promissory note in favor of Beneficial in the principal amount of $142,423.89. The Debtor also executed a Deed of Trust granting Beneficial a security interest in real property located at 586 New Hope Church Road, Apex, North Carolina 27502 (the "real property") and the Debtor's interest in an escrow account pertaining to the real property.

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 10, 2010 (the "Petition Date"). On December 30, 2010, the Debtor filed a Notice of Proposed Plan. Pursuant to an Order entered by this Court on February 8, 2011, confirmation of that plan was denied. On February 10, 2011, the Debtor filed her Amended Chapter 13 Plan

("amended plan"). The amended plan provides for 59 monthly payments of $2,400.00 with a final balloon payment in the amount of $63,398.00 at the end of the plan. In addition, the amended plan states:

> The deed of trust held by Beneficial Mortgage is secured by the Debtor's residence and an escrow account. As such, the anti-modification provisions of 11. U.S.C. § 1322(b)(2) do not apply. Accordingly, the Debtor's plan proposes to cram down Beneficial Mortgage's claim to the fair market value of the property listed in the petition as $135,686.00 and pay this amount over the term of the plan at an interest rate of 5.25%. The Debtor shall make principal and interest payments of $1,704.95 for the term of the plan. The Debtor shall refinance the loan prior to the completion of the plan to fully satisfy the allowed secured claim of Beneficial.

At the hearing, the parties agreed to reserve any discussion regarding valuation of the property for a future date. The parties also stipulated that, because Beneficial is secured by real property that is the Debtor's principal residence and the Debtor's interest in an escrow account, the anti-modification provisions of 11 U.S.C. § 1322(b)(2) do not apply. *See In re Bradsher*, 427 B.R. 386, 391-92 (Bankr. M.D.N.C. 2010). Beneficial argued that by proposing a balloon payment in the last month of the plan, the Debtor's violates 11 U.S.C. § 1325(a)(5)(B)(ii) and (iii)(I) of the Bankruptcy Code because it does not propose to pay Beneficial's claim in full with equal monthly payments.

## DISCUSSION

In order for a bankruptcy court to approve a chapter 13 plan, the plan must comply with the provisions of § 1325(a). *See* 11 U.S.C. §1325(a). As to secured claims, § 1325(a)(5) requires that: (1) the holder of the secured claim must accept the plan; (2) the plan must satisfy the requirements of § 1325(a)(5)(B); or (3) the debtor must surrender the property securing the claim. *See* § 1325(a)(5). Furthermore, § 1325(a)(5)(B) provides that if "property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal

monthly amounts. . . ." § 1325(a)(5)(B)(iii)(I). Section 1325(a)(5)(B)(iii)(I) was specifically inserted into the Code to combat creditors' concerns regarding quarterly and balloon payments. *Hamilton v. Wells Fargo*, 401 B.R. 539, 543 (B.A.P. 1st Cir. 2009) (citing *In re Luckett*, 2007 WL 3125278, at *1 (Bankr. E.D. Wis. Oct. 24, 2007)).

The Debtor's amended plan violates the plain language of § 1325(a)(5)(B)(iii)(I) by attempting to provide Beneficial with one lump sum payment at the end of the 60-month term. In *In re Wallace*, Nos. 07-10729, 07-10728, 2007 WL 3531551, at *2 (Bankr. M.D.N.C. Nov. 12, 2007), the court refused to approve a nearly identical plan. The vast majority of bankruptcy courts in other districts have also refused to confirm chapter 13 plans with balloon payments to secured creditors at the end of the term. *See, e.g., In re Acosta*, No. 08-11411, 2009 WL 2849096, at *1 (Bankr. N.D. Cal. July 2, 2009); *In re Carman*, No. 07-44271-JBR, 2007 WL 2909863, at *1 (Bankr. D. Mass. July 25, 2008) *In re Newberry*, No. 07-10170, 2007 WL 2909312, at *3-4 (Bankr. D. Vt. July 10, 2007); *In re Wagner*, 342 B.R. 766, 772 (Bankr. E.D. Tenn. 2006); *In re DeSardi*, 340 B.R. 790, 805 (Bankr. S.D. Tex. 2006). *But see In re Davis*, 343 B.R. 326, 328 (Bankr. M.D. Fla. 2006).

Accordingly, because the Debtor's plan does not satisfy the requirements set forth in § 1325(a)(5)(B), the Objection by Beneficial to Confirmation of the Debtor's Amended Plan must be SUSTAINED and Confirmation of the Debtor's Amended Plan must be DENIED.

SO ORDERED.

# SERVICE LIST

Joyce Barbee Baldwin
Debtor

Edward C. Boltz
Attorney for Debtor

Christine M. Lamb
Attorney for Beneficial Mortgage

Richard M. Hutson, II
Trustee